IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **THE REPUBLIC OF IRAQ, including as PARENS PATRIAE on behalf of the CITIZENS of the REPUBLIC OF IRAQ,**<br><br>           **Plaintiff,**<br><br>     - against -<br><br>**ABB AG et al.,**<br><br>           **Defendants.** | 08-CV-05951 (SHS)<br><br>ECF CASE<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANTS' REPLY TO IRAQ'S RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

**DEFENDANTS JOINING IN REPLY**

ABB AG
ABB Electric Sanayi AS
ABB France SAS (successor in interest to ABB
   Automation SAS and to ABB Industrie
   Champagne by way of its merger into ABB
   Automation SAS)
ABB Industrie AC Machines (now ABB
   Industrie AG/ABB Schweitz AG)
ABB Near East Trading Limited
ABB Solyvent-Ventec
ABG Allgemeine Baumaschinen
   Gesellschaft MbH
Aesculap AG and KG
Aesculap Motrics S.A.
Aesculap Surgical Instruments SDN BHD
AGCO Danmark A/S (erroneously named as
   AGCO Denmark A/S)
AGCO S.A.
Air Liquide Engineering
Akzo Nobel N.V.
Astra Zeneca AB
Atlas Copco Airpower N.V.
Atlas Copco CMT Sweden AB
AWB Limited
B. Braun Medical Industries SDN BHD
B. Braun Medical S.A.S.
B. Braun Melsungen A.G.
BNP Paribas Hong Kong
BNP Paribas London Branch
BNP Paribas Paris
BNP Paribas (Suisse) SA
BNP Paribas UK Holdings Limited
BNP Paribas USA
Buhler Ltd.
CG Holdings Belgium N.V. (f/k/a Pauwels
   International N.V.)
Chevron Corporation
CILAG AG International
Clyde Union, S.A.S. (f/k/a/ Union Pumps, S.A.S.)
Daewoo International Corp
David B. Chalmers, Jr.
David Brown Transmissions France, S.A.S
Doosan Benelux SA, as successor to Ingersoll-
   Rand Benelux, N.V.
Dow AgroSciences LLC
Dow AgroSciences S.A.S.
Eli Lilly Export SA
Evapco Europe S.R.L.
F. Hoffmann-La Roche Ltd

Flowserve B.V.
Flowserve Corporation
Flowserve Pompes S.A.S.
Glaxo Wellcome Export Ltd.
Glaxo Wellcome SA (South Africa)
   (PRY) Ltd.
GlaxoSmithKline Egypt SAE
GlaxoSmithKline Walls House
Ingersoll-Rand Italiana S.p.A.
Ingersoll-Rand World Trade Ltd.
Intervet International B.V.
Janssen Pharmaceutical
Kia Motors Corporation (erroneously named as
   "Kia Motors")
Liebherr Export AG
Liebherr France, SA
Merial SAS
N.V. Organon
Novo Nordisk A/S
OSRAM Middle East FZE
Railtech International SA
Renault Agriculture & Sonalika International
Renault Trucks SAS (f/k/a Renault V.I.)
Roche Diagnostics GmbH
Rohm and Haas France, S.A.
Secalt S.A.
Serono Pharma International
Siemens S.A.S. France (erroneously named as
   Siemens S.A.A. of France)
Siemens Sanayi ve Ticaret A.Ş. (erroneously named
   as Siemens Sanayi ve Ticaret A.S.
   of Turkey)
SmithKline Beecham International
Solar Turbines Europe, S.A.
Sulzer Pumpen Deutschland,GMBH
Sulzer Turbo Ltd.
Textron, Inc.
The Weir Group PLC
Thermo King Ireland Ltd.
Valtra do Brasil Ltda. (erroneously named as
   Valtra do Brazil)
Vitol, S.A.
Volvo Construction Equipment AB (as
   successor to Volvo Construction Equipment
   International)
Woodhouse International, LLC
York Airconditioning & Refrigeration FZE

Defendants respectfully submit this reply to Iraq's Response to Defendants' Notice of Supplemental Authority ("Supp. Resp."). A reply brief is warranted because Iraq's analysis of *Morrison v. National Australia Bank Ltd.*, No. 08-1191, is wrong.[1] *Morrison*'s application is not, as Iraq suggests, narrowly limited to the Securities Exchange Act. Supp. Resp. at 3. To the contrary, *Morrison* reiterated a much broader, "longstanding principle of American law": "[w]hen a statute gives no clear indication of an extraterritorial application, it has none." *Morrison*, slip op. at 5-6 (June 24, 2010).

Iraq nevertheless insists that the *Morrison* presumption is rebutted here because RICO contains the phrase "interstate or foreign commerce." Supp. Resp. at 3-4. But that type of phrase is precisely what *Morrison* meant by holding that a "general reference to foreign commerce" is insufficient to "defeat the presumption against extraterritoriality." *See* slip op. at 13-14; *see also id.* at 13 ("[W]e have repeatedly held that even statutes . . . that expressly refer to '*foreign* commerce' do not apply abroad." (quoting *EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 251 (1991) (emphasis in original))). Moreover, that phrase has nothing to do with the scope of the conduct that RICO prohibits — it merely modifies the term "enterprise" to make clear that Congress was legislating within its power under the Commerce Clause. This description of the enterprises in question cannot be extrapolated to imply a general application to all extraterritorial conduct. As *Morrison* itself reiterates, when a statute makes some reference to foreign commerce, "the presumption against extraterritoriality operates to limit that provision to its terms." Slip. op. at 13. Finally, *Morrison* instructs that courts must interpret extraterritoriality in

---

[1] Iraq begins by dredging up arguments unaffected by *Morrison* — whether or not Defendants' alleged conduct was extraterritorial. *See* Supp. Resp. at 1-2. That issue has already been argued at length. *See* Memo. in Supp. of Defs.' Mot. to Dismiss at 55-61; Pl.'s Opp. to Defs.' Mot. to Dismiss at 53-54.

light of the statute's "focus," *see Morrison*, slip op. at 17, and RICO, of course, is not focused on barring all "enterprises." RICO's focus is on preventing racketeering.

Indeed, the courts that have searched the text of RICO for signs of extraterritorial application have uniformly held that "[l]ike the Securities Exchange Act, the RICO statute is silent as to its extraterritorial application." *See Alfadda v. Fenn*, 935 F.2d 475, 479 (2d Cir. 1991).[2] *Morrison*'s rule is therefore simple: "[w]hen a statute gives no clear indication of an extraterritorial application, it has none." *Morrison*, slip op. at 5-6. Iraq simply ignores this body of RICO case law, instead quoting *dictum* from a pre-*Morrison* case involving an entirely different statute. Supp. Resp. at 1, 4-5 (citing *Pasquantino v. United States*, 544 U.S. 349 (2005)). Iraq would have *Pasquantino* stand for the proposition that the phrase "interstate or foreign commerce" in the wire fraud statute evidences a legislative intent to have the statute apply extraterritorially. *Pasquantino*, however, expressly stated that its "interpretation of the wire fraud statute ***does not*** give it 'extraterritorial effect'" and explained that all of the wrongful conduct alleged in that case was domestic. 544 U.S. at 371 (emphasis added). Iraq relies on *dictum* that the phrase "interstate or foreign commerce" indicates that Congress did not have "only domestic concerns in mind" when it enacted the wire fraud statute. *Id.* at 371-72 (internal quotations omitted). *Dictum* from a case interpreting an entirely different statute says nothing about RICO's extraterritorial reach, especially given the extensive case law establishing that "the RICO statute is silent as to its extraterritorial application." *See Alfadda*, 935 F.2d at 479. Thus, when examined in context, *Pasquantino* does not hold, as Iraq erroneously contends, that any statute containing the phrase "interstate or foreign commerce" was intended by Congress to be

---

[2] *See also Poulos v. Caesars World, Inc.*, 379 F.3d 654, 663 (9th Cir. 2004) ("RICO itself is silent as to its extraterritorial application."); *N.S. Fin. Corp. v. Al-Turki*, 100 F.3d 1046, 1051 (2d Cir. 1996) ("The RICO statute is silent as to any extraterritorial application.").

applied extraterritorially, and does not indicate that RICO was intended to reach extraterritorially.

Finally, Iraq points to some provisions of the Money Laundering Control Act, 18 U.S.C. § 1956(a)(2), and the Travel Act, 18 U.S.C. § 1952, which are listed in RICO's definition of "racketeering activity." Supp. Resp. at 5. But dozens of statutes are included in that definition, *see* 18 U.S.C. § 1961(1), and the vast majority are entirely domestic in nature. Moreover, even the few statutes that have some extraterritorial reach, like the Money Laundering Control Act, only apply extraterritorially "in certain limited circumstances." *United States v. Lloyds TSB Bank PLC*, 639 F. Supp. 2d 314, 316 (S.D.N.Y. 2009) (Money Laundering Control Act did not apply to extraterritorial conduct of a Swiss branch of a British bank). That some statutes (among many) in the definition of "racketeering activity" have a "certain limited" extraterritorial reach cannot support Iraq's categorical argument that it is "obvious" Congress intended RICO itself to apply extraterritorially. *See* Supp. Resp. at 5. Indeed, the federal securities laws, too, include some provisions that reach foreign registrants, *see, e.g.*, Securities Exchange Act of 1934 § 12(g), 48 Stat. 881 (1934), but *Morrison* nonetheless held that the statutory term at issue lacked a sufficient indication that the securities laws were intended to apply extraterritorially. Had Congress intended to provide a "clear indication of an extraterritorial application" for RICO, *see Morrison* slip op. at 6, it could have enacted such language. It did not.

                                      Respectfully submitted,

Dated:  August 10, 2010                      /s/ Brant W. Bishop, P.C.

                                      Thomas D. Yannucci, P.C.
                                      Brant W. Bishop, P.C.
                                      John R. Bolton
                                      KIRKLAND & ELLIS LLP
                                      655 Fifteenth Street, NW
                                      Suite 1200
                                      Washington, DC 20005
                                      (202) 879-5000
                                      thomas.yannucci@kirkland.com
                                      brant.bishop@kirkland.com
                                      john.bolton@kirkland.com

                                      *Counsel for Siemens S.A.S. France,*
                                      *Siemens Sanayi ve Ticaret A.Ş, and*
                                      *OSRAM Middle East FZE*

                                      *And, by permission, on behalf of all joining Defendants*

## **CERTIFICATE OF SERVICE**

I, Brant W. Bishop, P.C., hereby certify that I caused a true and correct copy of the foregoing DEFENDANTS' REPLY TO IRAQ'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY to be served via ECF upon all counsel of record registered through the Court's ECF system.

On this 10th day of August, 2010.

                                                  /s/ Brant W. Bishop, P.C.
                                                Brant W. Bishop, P.C.
                                                *Counsel for Siemens S.A.S. France,*
                                                *Siemens Sanayi ve Ticaret A.Ş., and*
                                                *OSRAM Middle East FZE*