IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **THE REPUBLIC OF IRAQ,** including as **PARENS PATRIAE** on behalf of the **CITIZENS** of the **REPUBLIC OF IRAQ,**<br><br>Plaintiff,<br><br>- against -<br><br>**ABB AG et al.,**<br><br>Defendants. | 08-CV-05951 (SHS)<br><br>ECF CASE<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
FIRST NOTICE OF SUPPLEMENTAL AUTHORITY**

**DEFENDANTS JOINING IN REPLY**

ABB AG
ABB Electric Sanayi AS
ABB France SAS (successor in interest to ABB Automation SAS and to ABB Industrie Champagne by way of its merger into ABB Automation SAS)
ABB Industrie AC Machines (now ABB Industrie AG/ABB Schweitz AG)
ABB Near East Trading Limited
ABB Solyvent-Ventec
ABG Allgemeine Baumaschinen Gesellschaft MbH
Aesculap AG and KG
Aesculap Motrics S.A.
Aesculap Surgical Instruments SDN BHD
AGCO Danmark A/S (erroneously named as AGCO Denmark A/S)
AGCO S.A.
Air Liquide Engineering
Akzo Nobel N.V.
Astra Zeneca AB
Atlas Copco Airpower N.V.
Atlas Copco CMT Sweden AB
AWB Limited
B. Braun Medical Industries SDN BHD
B. Braun Medical S.A.S.
B. Braun Melsungen A.G.
BNP Paribas Hong Kong
BNP Paribas London Branch
BNP Paribas Paris
BNP Paribas (Suisse) SA
BNP Paribas UK Holdings Limited
BNP Paribas USA
Boston Scientific SA
Buhler Ltd.
CG Holdings Belgium N.V. (f/k/a Pauwels International N.V.)
CILAG AG International
Clyde Union, S.A.S. (f/k/a/ Union Pumps, S.A.S.)
Daewoo International Corp
David B. Chalmers, Jr.
David Brown Transmissions France, S.A.S
Doosan Benelux SA, as successor to Ingersoll-Rand Benelux, N.V.
Dow AgroSciences LLC
Dow AgroSciences S.A.S.
El Paso Corporation
Eli Lilly Export SA
Evapco Europe S.R.L.

F. Hoffmann-La Roche Ltd.
Flowserve B.V.
Flowserve Corporation
Flowserve Pompes S.A.S.
Glaxo Wellcome Export Ltd.
Glaxo Wellcome SA (South Africa) (PRY) Ltd.
GlaxoSmithKline Egypt SAE
GlaxoSmithKline Walls House
Ingersoll-Rand Italiana S.p.A.
Ingersoll-Rand World Trade Ltd.
Intervet International B.V.
Janssen Pharmaceutical
Kia Motors Corporation (erroneously named as "Kia Motors")
Liebherr Export AG
Liebherr France, SA
Merial SAS
N.V. Organon
Novo Nordisk A/S
Oscar S. Wyatt, Jr.
OSRAM Middle East FZE
Railtech International SA
Renault Agriculture & Sonalika International
Renault Trucks SAS (f/k/a Renault V.I.)
Roche Diagnostics GmbH
Rohm and Haas France, S.A.
Secalt S.A.
Serono Pharma International
Siemens S.A.S. France (erroneously named as Siemens S.A.A. of France)
Siemens Sanayi ve Ticaret A.Ş. (erroneously named as Siemens Sanayi ve Ticaret A.S. of Turkey)
SmithKline Beecham International
Solar Turbines Europe, S.A.
Sulzer Pumpen Deutschland, GMBH
Sulzer Turbo Ltd.
Textron, Inc.
The Weir Group PLC
Thermo King Ireland Ltd.
Valtra do Brasil Ltda. (erroneously named as Valtra do Brazil)
Vitol, S.A.
Volvo Construction Equipment AB (as successor to Volvo Construction Equipment International)
Woodhouse International, LLC
York Airconditioning & Refrigeration FZE

The Republic of Iraq's "Notice of Supplemental Authority" directs the Court to factual arguments that are neither "supplemental" nor "authority." There is nothing new here. Iraq made the same erroneous arguments a year ago in its opposition to the Defendants' motion to dismiss. *See* Dkt. No. 393 at 56. And Iraq cites no new or intervening legal authority that would justify a "Notice of Supplemental Authority" on the issue of the supposed domestic application of RICO and other laws. Nor, for that matter, does Iraq's latest submission on the supposed domestic application of laws have any impact on the other fundamental, dispositive jurisdictional and justiciability issues pointed out by the Defendants in the original motion to dismiss briefing. *See* Dkt. No. 356 at 12-50; Dkt. No. 425 at 2-30. Rather, Iraq's brief is merely a misguided attempt to inject new factual allegations in a "Sur-Reply" to the Defendants' Fifth Notice of Supplemental Authority while improperly calling it a "Notice of Supplemental Authority."

Moreover, Iraq's filing confirms that the RICO claim in the First Amended Complaint ("FAC") should be dismissed under *Morrison v. National Australia Bank Ltd.*, 130 S. Ct. 2869 (2010). Iraq has apparently abandoned its reliance on *European Community v. RJR Nabisco, Inc.*, Civ. No. 02-CV-5771, 2011 WL 843957 (E.D.N.Y. Mar. 8, 2011), despite having just invoked that case in an effort to salvage the FAC's RICO claim, *see* Dkt. No. 473 at 2-3. Notably, although the Defendants pointed out that the FAC itself underscores that the "brains" of any purported RICO enterprise were not domestic—citing 177 paragraphs of the FAC, *see* Dkt. No. 475 at 4-5—Iraq's most recent brief fails to include a single cite to the FAC, laying bare the fundamental disconnect between Iraq's current assertions and the operative complaint.

In any event, Iraq's attempt to save its claim by casting itself as an enforcer of U.S. criminal laws in U.S. courts is fatally flawed. Iraq is a private litigant bringing civil RICO claims. Pleas or deferred prosecution agreements in other matters do not answer the question

whether Iraq has plausibly alleged a domestic RICO enterprise as required under *Morrison* and its progeny.  Indeed, Iraq's focus on alleged acts that supposedly occurred in, or had an effect in, the United States, is merely an attempt to resurrect the "conduct" and "effects" tests that *Morrison* squarely rejected.  Buried in Iraq's brief is the conclusory, implausible refrain that the collection of international commitments that comprised the U.N. Oil-for-Food Program itself is the RICO enterprise in question.  See Dkt. No. 476 at 8 (citing *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004) (holding that plaintiffs had "barely" alleged defendants participated in a RICO enterprise)).  *Satinwood* (hardly a new decision) not only fails to support the domestic nature of Iraq's alleged enterprise, but actually confirms that (1) members of a RICO enterprise must have a "common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes," *see Satinwood*, 385 F.3d at 174 (citation & quotation omitted), and (2) the Defendants "must have had some part in directing the enterprise's affairs," *see id.* at 176 (citation, quotation, and alteration in original omitted).  See Dkt. No. 356 at 61-65; Dkt No. 425 at 32-35; Dkt. No. 475 at 2.  Certain Defendants' plea agreements supposedly showing fraud on the Program hardly supports the notion that *any* Defendants *directed* the Program, or that *all* the Defendants and the Program shared either a common purpose or the cooperation characteristic of an "enterprise."

The only support for the claim that the U.N. Oil-for-Food Program is a RICO enterprise is Iraq's conclusory assertion that "[t]he Defendants played an integral role in the Program[]'s operations," *see* Dkt. No. 476 at 8, coupled with a plea that the Court supply Iraq with a "low hurdle" to clear, *see id.* (quoting *Satinwood*, 385 F.3d at 176).  Iraq's RICO claim trips over even a low hurdle.  It should be dismissed accordingly.

                                                Respectfully submitted,

Dated:  May 2, 2011                            /s/ Brant W. Bishop, P.C.

                                                Thomas D. Yannucci, P.C.
                                                Brant W. Bishop, P.C.
                                                John R. Bolton
                                                Robert B. Gilmore
                                                KIRKLAND & ELLIS LLP
                                                655 Fifteenth Street, NW
                                                Suite 1200
                                                Washington, DC 20005
                                                (202) 879-5000
                                                thomas.yannucci@kirkland.com
                                                brant.bishop@kirkland.com
                                                john.bolton@kirkland.com
                                                robert.gilmore@kirkland.com

*Counsel for Siemens S.A.S. France, Siemens Sanayi ve Ticaret A.Ş, and OSRAM Middle East FZE*

*And, by permission, on behalf of all joining defendants*

3

**CERTIFICATE OF SERVICE**

I, Brant W. Bishop, P.C., hereby certify that I caused a true and correct copy of the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST NOTICE OF SUPPLEMENTAL AUTHORITY to be served via ECF upon all counsel of record registered through the Court's ECF system.

On this 2nd day of May, 2011.

    /s/ Brant W. Bishop, P.C.
Brant W. Bishop, P.C.
*Counsel for Siemens S.A.S. France,*
*Siemens Sanayi ve Ticaret A.Ş., and*
*OSRAM Middle East FZE*