UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE REPUBLIC OF IRAQ, including as PARENS PATRIAE in behalf of the CITIZENS of the REPUBLIC OF IRAQ,,<br><br>        Plaintiff,<br><br>        -against-<br><br>ABB AG, et alia,<br><br>        Defendants. | Civil Case No. 08 Civ. 05951 (SHS) |

**DEFENDANT AVIO S.P.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Thomas P. Battistoni
Fabrizio Grasso
Schiff Hardin LLP
666 Fifth Avenue, 17th Floor
New York, NY  10103
(212) 753-5000

*Attorneys for Defendant  AVIO S.p.A.*

DEFENDANT AVIO S.p.A. ("**AVIO**"), by and through its attorneys, Schiff Hardin LLP respectfully submits this memorandum of law in support of its motion for an order granting it summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. AVIO is an Italian manufacturer of military and civil propulsion systems that was formed in 2003.

## INTRODUCTORY STATEMENT

AVIO was wrongfully named in the First Amended Complaint (the "Complaint") on a mistaken view that it was a successor corporation to an entity that engaged in certain activities in Iraq during the period December 1, 2001 through December 4, 2002. AVIO repeatedly brought this error to the attention of counsel for the Republic of Iraq ("Plaintiff") in emails, correspondence, telephone conversations, and even a Rule 11 notice, but Plaintiff's counsel refuses to dismiss AVIO from the case.

Plaintiff filed its First Amended Complaint to recover damages in connection with the alleged corruption of the Oil-for-Food Program ("OFFP"), under the Hussein regime through the imposition of surcharges on oil purchases and payments on contracts for the sale of goods (After-Sale-Service Fees, a form of "mandatory kickbacks"). Plaintiff claims that the defendants conspired with Saddam Hussein and his representatives to reap the economic benefits of trading under the OFFP.

Apparently, Plaintiff has erroneously named AVIO S.p.A as a defendant in this action on the incorrect assumption that AVIO is the successor to a party known as FIATAVIO. Specifically, the erroneous allegation is in Paragraph 107 of the Complaint, wrongly states that:

"In September 2003, Avio, formerly the aerospace arm of FiatAvio SpA, was acquired by The Carlyle Group and Finmeccanica. During the relevant time period, FiatAvio was involved in sales to Iraq under the OFFP [Oil-for-Food Programme] through its affiliate FiatAvio Power Services, a joint venture between Siemens and FiatAvio. The company [Fiatavio Power Services S.p.A.], became known as Gas Turbine Technologies in 2003, and, in September 2006 was established as a subsidiary of Siemens S.p.A. Italy under the name TurboCare S.p.A."

AVIO contacted Plaintiff's counsel and supplied him with relevant and specific documentation which proves that AVIO (which did not come into existence until 2003) is **not** the successor to FIATAVIO nor was a participant in the joint venture with SIEMENS S.p.A. (hereinafter "SIEMENS") with respect to the gas turbine business in connection with Iraqi power plants nor participated in the contracts between FIATAVIO and Iraq.

Despite having repeatedly received clear evidence confirming that AVIO is not the successor to FIATAVIO and, therefore, should never have been named in this action, Plaintiff's counsel continues to ignore AVIO's requests for a voluntarily dismissal of AVIO. Since Plaintiff's counsel will not agree to dismiss AVIO from the litigation, AVIO has had to file this motion for summary judgment to avoid having to explain this case to business partners and the public. Material facts are not in genuine dispute and accordingly, AVIO is entitled to summary judgment.

## STATEMENT OF FACTS

The Allegations Relating to Activities Through December 2002

On or about July 21, 2009, Plaintiff filed its First Amended Complaint against dozens of defendants, including AVIO which Plaintiff described as FIATAVIO, now known as Avio, S.p.A. (See First Amended Complaint, Paragraphs 107 and 108.) Plaintiff's allegations as they

relate to AVIO center on claims that during Phase 11 and 12 of the OFFP, FIATAVIO paid $79,962 in illicit kickbacks in connection with contract numbers 1101353, 1200850, and 1200852. (See First Amended Complaint, Paragraphs 875 and 876.) Plaintiff recites that Phase 11 occurred during the period from December 1, 2001 through May 29, 2002, and that Phase 12 occurred during the period from May 20, 2002 through December 4, 2002. (See First Amended Complaint, Paragraph 308).

Plaintiff alleges that activities and services performed by FIATAVIO in Iraq were pursuant to a contract between the Plaintiff and FIATAVIO in connection with turbine sales. (See First Amended Complaint, Paragraphs 875 and 876.) Plaintiff alleges that:

> "During the relevant time period, FIATAVIO was involved in sales to Iraq under the OFFP through its affiliate FiatAvio Power Services, a joint venture between Siemens and FIATAVIO. The company became known as Gas Turbine Technologies in 2003, and, in September 2006, was established as a subsidiary of Siemens S.p.A. Italy under the name TurboCare S.p.A."

(See First Amended Complaint, Paragraph 107.) It was FIATAVIO's Division of Turbines and Gas ("Turbogas Business") that performed services for Iraq power plants during the relevant period through December 2002. (See Enrico Picco Declaration Paragraph 6.)

FIATAVIO's Turbogas Business was divided into two separate divisions, each of which were sold to third-parties before the creation of AVIO: (i) the Turbogas Spare Parts Supply Division, which was transferred to **FiatAvio Power Services S.p.A.,** a joint venture with Siemens S.p,.A. ("SIEMENS") in 2000; and (ii) the Turbogas Manufacturing and Marketing Division, which was transferred to **FIAT ENGINEERING** in 2001 and subsequently transferred to SIEMENS. (See Enrico Picco Declaration, Paragraph 7.)

The first division, Turbogas Spare Parts Supply Division, which included the Iraq contract for the supply of spare parts to the Daura and Dibis power plants, was transferred in April 2000 to FiatAvio Power Services S.p.A., a joint venture with SIEMENS, pursuant to a purchase agreement between FIATAVIO and SIEMENS, dated April 20, 2000. (See Enrico Picco Declaration Paragraph 7, and Exhibit B thereto.) Plaintiff's First Amended Complaint expressly acknowledges that FiatAvio Power Services, which became known as Gas Turbine Technologies S.p.A. in 2003, was later established as a subsidiary of Siemens S.p.A. Italy under the name TurboCare S.p.A." (See First Amended Complaint, Paragraph 107.)

The second division, Turbogas Manufacturing and Marketing Division, was transferred to FIAT ENGINEERING S.p.A. pursuant to a purchase agreement dated December 2001, and was subsequently transferred by FIAT ENGINEERING S.p.A. to SIEMENS. (See Enrico Picco Declaration Paragraph 7, and Exhibit C thereto.)

After the mentioned sales of the two divisions that had been involved in the Turbogas Business, FIATAVIO continued to exist with other assets and divisions.

The Creation of AVIO in Mid-2003

AVIO came into existence in mid-2003, years after the sales of the two divisions of the Turbogas Business in April 2000 and December 2001. AVIO was created when AVIO Holding S.p.A. acquired the shares of the newly created AVIO to which FIATAVIO had transferred certain specified assets and liabilities under an Agreement of Purchase and Sale dated July 1, 2003 (the "APS Agreement"). (See Enrico Picco Declaration Paragraph 4 and APS Agreement, attached thereto as Exhibit A.)

The APS Agreement included certain assets but expressly and completely excluded the Turbogas Business and certain other assets. (See APS Agreement, attached to the Enrico Picco Declaration as Exhibit A.) Specifically, the APS Agreement expressly excluded everything related to the Turbogas Business and its two divisions described above; these exclusions are clearly stated in Art. 2.2 (E)(F) and Schedule 2.2(E)(i) I. of the APS Agreement. (See APS Agreement, Art. 2.2 (E)(F) and Schedule 2.2(E)(i) I., attached to the Enrico Picco Declaration as Exhibit A.) And finally, Schedule 2.2(E)(i) G of the APS Agreement specifies that FIATAVIO's final remaining share of 14.99% of Gas Turbine Technologies S.p.A. (the joint venture with SIEMENS, previously known as FiatAvio Power Services) is explicitly **excluded** from the July 2003 sale to AVIO (See APS Agreement, Schedule 2.2(E)(i) G attached to the Enrico Picco Declaration as Exhibit A.)

FIATAVIO continued to exist after AVIO was created and FIATAVIO ultimately became known as FIAT PARTECIPAZIONI S.p.A., and continues to exist to this day. (See Enrico Picco Declaration Paragraph 8.)

## Argument

Rule 56 of the Federal Rules of Civil Procedure provides in relevant part that summary judgment "should be rendered" when "there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." See Rule 56 (c). The Supreme Court has noted that the purpose of summary judgment is to isolate, and then terminate, claims and defenses that are not factually supported. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552-53 (1986). Plaintiff's claim against AVIO, based on an erroneous allegation that AVIO is the successor entity to FIATAVIO, is not factually supported and should be terminated through summary judgment.

AVIO has provided the Declaration of Enrico M. Picco who was formerly the in-house legal counsel for FIATAVIO. Mr. Picco's Declaration attaches and explains the documentation concerning (a) the sale in April 2000 of the Turbogas Spare Parts Supply Division, which was transferred to **FiatAvio Power Services S.p.A.,** a joint venture with Siemens (See Enrico Picco Declaration, Paragraph 7); (b) the sale of the Turbogas Manufacturing and Marketing Division to **FIAT ENGINEERING** in December 2001, and then its subsequent transferred to Siemens (See Enrico Picco Declaration, Paragraph 7); and (c) the later creation of AVIO in mid-2003 (See Enrico Picco Declaration, Paragraphs 4 and 5).

There is no dispute – and certainly no genuine issue of material fact – that AVIO was not a participant in any of the contracts between FIATAVIO and Iraq Plaintiff during Phase 11 (from December 1, 2001 through May 29, 2002) or Phase 12 (from May 20, 2002 through December 4, 2002 – a time period that precedes the formation of AVIO.

There is no dispute – and certainly no genuine issue of material fact – that AVIO was not a participant in a joint venture with Siemens S.p.A. or ever had anything to do with the Turbogas Business.

There is no dispute – and certainly no genuine issue of material fact – that FIATAVIO continued to exist after AVIO was created and that FIATAVIO ultimately became known as FIAT PARTECIPAZIONI S.p.A., and it continues to exist to this day. (See Enrico Picco Declaration, Paragraph 8.)

In sum, there is no dispute -- and certainly no genuine issue of material fact – that AVIO is **not** the successor of FIATAVIO. (See Answer of AVIO, Paragraphs 1-7.)

AVIO tried to avoid burdening this court with this motion and repeatedly contacted Plaintiff's counsel to request that he voluntarily dismiss AVIO as wrongly named in the suit. When phone calls and email correspondence did not work, AVIO sent Plaintiff's counsel a Rule 11 notice and demonstrated to Plaintiff that it had erroneously named AVIO as a defendant for activities that occurred during the Oil-For-Food Program ("OFFP") period from December 1, 2001 and December 4, 2002 -- before AVIO was even formed in 2003, and Plaintiff incorrectly described AVIO as the successor of FIATAVIO. AVIO has repeatedly demanded that Plaintiff voluntarily dismiss AVIO from this litigation. AVIO is tired of explaining to government purchasing departments, potential and existing business partners, and the general public why AVIO was named and remains a defendant in this matter. However, Plaintiff's counsel continues to hold AVIO in this case, perhaps with the hope of unfairly extracting some sort of nuisance settlement out of AVIO. Hence, this motion had to be filed.

AVIO is entitled to summary judgment because it is not the successor to FIATAVIO and it was never a vendor in the OFFP. Summary judgment is appropriate here to protect the rights of AVIO because the Plaintiff's claims have no factual basis. See *Celotex Corp*, 477 U.S. at 327, 106 S. Ct. at 2554.

### Conclusion

For the foregoing reasons, Defendant AVIO has shown there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. AVIO respectfully requests that the Court: grant its Motion for Summary Judgment; dismiss Plaintiff's First Amended Complaint as against AVIO in its entirety; award AVIO its attorneys fees, costs and

disbursements incurred in making motion; and grants AVIO such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 27, 2011

Respectfully submitted,

SCHIFF HARDIN LLP
666 Fifth Avenue, 17th Floor
New York, NY 10103
(212) 753-5000

By: _____
Thomas P. Battistoni (TB 8012)
Fabrizio Grasso (FG 2703)
Attorneys for Defendant AVIO S.p.A.

NY\50972425.2