UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE REPUBLIC OF IRAQ, including as
PARENS PATRIAE in behalf of the
CITIZENS of the REPUBLIC OF IRAQ,,

        Plaintiff,

-against-

ABB AG, et alia,

        Defendants.

Civil Case No. 08 Civ. 05951 (SHS)

## DECLARATION OF ENRICO M. PICCO IN SUPPORT OF AVIO'S MOTION FOR SUMMARY JUDGMENT

I, ENRICO M. PICCO, declare the following pursuant to 28 U.S.C. § 1746:

1.  I am General Counsel and Vice President of AVIO S.p.A. ("AVIO"), the defendant in this action, and former in-house legal counsel for FIAT AVIO S.p.A. ("FIATAVIO"). I make this declaration based on my personal knowledge of the facts and my review of the relevant documents maintained by AVIO.

2.  I have reviewed the First Amended Complaint (the "Complaint") of the Republic of Iraq ("Plaintiff") and I declare the following.

### AVIO S.p.A.

3.  FIATAVIO was a company owned by the Fiat Group. In 2003 AVIO Holding S.p.A. ("AVIO Holding") expressed interest in acquiring certain activities and related assets and liabilities of FIATAVIO but not any of the business activities, assets or contracts related to Iraq ("Acquired Activities").



4.      Pursuant to the Agreement of Purchase and Sale dated July 1, 2003, (the "Agreement") between AVIO Holding and FIATAVIO, FIATAVIO agreed to transfer the Acquired Activities to a new entity, created for that purpose: AVIO (attached as **Exhibit A**). In the same agreement AVIO Holding agreed to acquire all the shares of the newly created AVIO.

5.      The Agreement unmistakably indicates which assets and liabilities are transferred to AVIO and which are excluded. Art. 2.2 (C) and (D) list the transferred assets and liabilities while Art. 2.2 (E)(F) and Schedule 2.2(E)(i) of the Agreement indicate the excluded assets and liabilities.

### FIATAVIO and its activities in IRAQ

6.      The activities FIATAVIO performed in IRAQ during the relevant period indicated in the Complaint were those performed by FIATAVIO's Division of Turbines and Gas ("Turbogas Business") for the Iraqi power plants.

7.      The Turbogas Business was originally composed of two separate divisions: the Turbogas Spare Parts Supply Division and the Turbogas Manufacturing and Marketing Division. The Turbogas Spare Parts Supply Division was sold by FIATAVIO to SIEMENS Italia S.p.A. (SIEMENS") pursuant to a purchase agreement dated April 20, 2000 (the "Turbogas Spare Parts Agreement") (attached as **Exhibit B**). Pursuant to the Turbogas Spare Parts Agreement, Fiatavio Power Services S.p.A., the entity that according to the Complaint made the sales to Iraq in the relevant period, was formed in May 2000 as a joint venture between SIEMENS and FIATAVIO. In 2003 Fiatavio Power Services S.p.A. became known as Gas Turbine Technologies and in September 2006 was established as a subsidiary of SIEMENS under the name of TurboCare S.p.A." FIATAVIO gradually transferred to SIEMENS its share of Fiatavio Power Services

S.p.A.. In July 2003, however, at the time of the Agreement with AVIO Holding, FIATAVIO still owned a share of 14.99% of Gas Turbine Technologies S.p.A.

The Turbogas Manufacturing and Marketing Division was sold by FIATAVIO to FIAT ENGINEERING S.p.A. pursuant to a purchase agreement dated December 2001 (attached as **Exhibit C**). The division was later transferred to SIEMENS.

<h3 style="text-align:center"><u>AVIO is not the successor of FIATAVIO</u></h3>

8.   AVIO Holding only acquired AVIO and its assets and liabilities. AVIO Holding never intended, and did not, acquire the assets and liabilities related to the activities conducted by FIATAVIO in Iraq. Instead, FIATAVIO continued to exist and became later known as FIAT PARTECIPAZIONI S.p.A., the actual successor of FIATAVIO.

9.   AVIO S.p.A. was never involved in the Turbogas Business, which was not only expressly excluded from the sale by the Agreement but had also previously been sold to other entities unrelated to AVIO. AVIO was not even in existence when the Turbogas Business was sold.

10.   FIATAVIO's final remaining share of 14.99% of Gas Turbine Technologies S.p.A. (previously known as FiatAvio Power Services S.p.A.), the only residual part of the Turbogas Business owned by FIATAVIO, and which was explicitly excluded from the sale to AVIO Holding, was subsequently transferred to SIEMENS, co-venturer and then successor of FIATAVIO with respect to those activities.

11.   The Agreement clearly states the exclusions:

- Art. 2.2 (E) and (F) explicitly excludes from the sale all the assets and liabilities listed in Schedule 2.2(E)(i);



- Schedule 2.2(E)(i) 1. lists all the activities, liabilities and guarantees related to the Turbogas Business. The Turbogas Business had already been sold by FIATAVIO and, therefore, the Schedule defines the Division as "Ex" Turbogas;

- Schedule 2.2(E)(i) G. specifies that as far as FIATAVIO's shareholdings are concerned, FIATAVIO's final remaining share of 14.99% of Gas Turbine Technologies S.p.A. (previously known as FiatAvio Power Services S.p.A.) was explicitly excluded from the sale to AVIO.

### AVIO never conducted any activity in Iraq

12. The Complaint erroneously includes AVIO among the Vendor Defendants. However, AVIO was formed in 2003 and has never made any sales to Iraq nor has ever performed any other activity in Iraq.

13. I declare under penalty of perjury that, to the best of my knowledge, information and belief, the foregoing is true and correct.

Executed this 24th day of May 2011.

AVIO S.p.A.
Senior Vice President
ENRICO Counsel & CRO
(E. Picco)

NY\50980295.1