UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE REPUBLIC OF IRAQ, including as PARENS PATRIAE in behalf of the CITIZENS of the REPUBLIC OF IRAQ,,<br><br>Plaintiff,<br><br>-against-<br><br>ABB AG, et alia,<br><br>Defendants. | Civil Case No. 08 Civ. 05951 (SHS)<br><br><br>DEFENDANT AVIO S.p.A.'s RULE 56.1 STATEMENT OF MATERIAL FACTS |

DEFENDANT AVIO S.p.A. ("AVIO"), by and through its attorneys, Schiff Hardin LLP, as and for its Rule 56.1 Statement of Material Fact in support of its motion for summary judgment, respectfully submits that there is no genuine issue to be tried with respect to the following:

<u>The Allegations Relating to Activities Through December 2002</u>

1. On or about July 21, 2009, Plaintiff filed its First Amended Complaint against dozens of defendants, including AVIO which Plaintiff described as FIATAVIO, now known as Avio, S.p.A. (See First Amended Complaint, Paragraphs 107 and 108.)

2. Plaintiff's allegations as they relate to AVIO center on claims that during Phase 11 and 12 of the OFFP, FIATAVIO paid $79,962 in illicit kickbacks in connection with contract numbers 1101353, 1200850, and 1200852. (See First Amended Complaint, Paragraphs 875 and 876.)

3. Plaintiff alleges that activities and services performed by FIATAVIO in Iraq were pursuant to a contract between the Plaintiff and FIATAVIO in connection with turbine sales. (See First Amended Complaint, Paragraphs 875 and 876.)

4. Plaintiff alleges that

"During the relevant time period, FIATAVIO was involved in sales to Iraq under the OFFP through its affiliate FiatAvio Power Services, a joint venture between Siemens and FIATAVIO. The company became known as Gas Turbine Technologies in 2003, and, in September 2006, was established as a subsidiary of Siemens S.p.A. Italy under the name TurboCare S.p.A."

(See First Amended Complaint, Paragraph 107.)

5. Plaintiff recites that Phase 11 occurred during the period from December 1, 2001 through May 29, 2002. (See First Amended Complaint, Paragraph 308.)

6. Plaintiff recites that Phase 12 occurred during the period from May 20, 2002 through December 4, 2002. (See First Amended Complaint, Paragraph 308.)

7. FIATAVIO's Division of Turbines and Gas ("Turbogas Business") is the entity that performed services for Iraq power plants during the relevant period through December 2002. (See Enrico Picco Declaration Paragraph 6.)

8. FIATAVIO's Turbogas Business was divided into two separate divisions:

(i) the Turbogas Spare Parts Supply Division, which was transferred to **FiatAvio Power Services S.p.A.**, a joint venture with Siemens S.p,.A. ("SIEMENS") in 2000; and

(ii) the Turbogas Manufacturing and Marketing Division, which was transferred to **FIAT ENGINEERING** in 2001 and subsequently transferred to SIEMENS.

(See Enrico Picco Declaration Paragraph 7.)

9. The first division, Turbogas Spare Parts Supply Division, which included the Iraq contract for the supply of spare parts to the Daura and Dibis power plants, was transferred in

April 2000 to FiatAvio Power Services S.p.A., a joint venture with Siemens S.p,.A. ("SIEMENS"), pursuant to a purchase agreement between FIATAVIO and SIEMENS, dated April 20, 2000. (See Enrico Picco Declaration Paragraph 7, and Exhibit B thereto.)

10.     Plaintiff's First Amended Complaint expressly acknowledges that FiatAvio Power Services, which became known as Gas Turbine Technologies S.p.A. in 2003, was later established as a subsidiary of Siemens S.p.A. Italy under the name TurboCare S.p.A." (See First Amended Complaint, Paragraph 107.)

11.     The second division, Turbogas Manufacturing and Marketing Division, was transferred to FIAT ENGINEERING S.p.A. pursuant to a purchase agreement dated December 2001, and was subsequently transferred by FIAT ENGINEERING S.p.A. to SIEMENS. (See Enrico Picco Declaration Paragraph 7, and Exhibit C thereto.)

12.     After the mentioned sales of the Turbogas Business, FIATAVIO continued to exist with other assets and divisions.

### The Creation Of Avio in Mid-2003

13.     AVIO came into existence in mid-2003, years after the sale of both divisions of the Turbogas Business.

14.     AVIO was created when AVIO Holding S.p.A. acquired the shares of the newly created AVIO to which FIATAVIO had transferred certain specified assets and liabilities under an Agreement of Purchase and Sale dated July 1, 2003 (the "APS Agreement"). (See Enrico Picco Declaration Paragraph 4 and APS Agreement, attached thereto as Exhibit A.)

15.  The APS Agreement included certain assets but expressly and completely excluded the Turbogas Business and certain other assets. (See APS Agreement, attached to the Enrico Picco Declaration as Exhibit A.)

16.  The APS Agreement expressly excluded everything related to the Turbogas Business and its two divisions described above; these exclusions are clearly stated in Art. 2.2 (E)(F) and Schedule 2.2(E)(i) I. of the APS Agreement. (See APS Agreement, Art. 2.2 (E)(F) and Schedule 2.2(E)(i) I., attached to the Enrico Picco Declaration as Exhibit A.)

17.  Schedule 2.2(E)(i) G of the APS Agreement specifies that FIATAVIO's final remaining share of 14.99% of Gas Turbine Technologies S.p.A. (the joint venture with SIEMENS, previously known as FiatAvio Power Services) is explicitly **excluded** from the July 2003 sale to AVIO (See APS Agreement, Schedule 2.2(E)(i) G attached to the Enrico Picco Declaration as Exhibit A.)

18.  AVIO was not a participant in any of the contracts between FIATAVIO and Iraq Plaintiff during Phase 11 (from December 1, 2001 through May 29, 2002) or Phase 12 (from May 20, 2002 through December 4, 2002. (See First Amended Complaint, Paragraph 308.)

19.  AVIO was never a participant in a joint venture with Siemens S.p.A.

20.  AVIO had nothing to do with the Turbogas Business.

21.  AVIO is **not** the successor of FIATAVIO. (See Answer of AVIO, Paragraphs 1-7.)

22. FIATAVIO continued to exist after AVIO was created and FIATAVIO ultimately became known as FIAT PARTECIPAZIONI S.p.A., and continues to exist to this day. (See Enrico Picco Declaration Paragraph 8.)

23. On or about November 13, 2009, AVIO, through its counsel, sent Plaintiff's counsel a Rule 11 notice and demonstrated that the Plaintiff (a) erroneously named AVIO as a defendant for activities that occurred during the Oil-For-Food Program ("OFFP") period from December 1, 2001 and December 4, 2002 -- before AVIO was even formed in February 2003, and (b) incorrectly described AVIO as the successor of FIATAVIO, and demanded that Plaintiff voluntarily dismiss AVIO from this litigation.

24. Plaintiff's counsel did not dismiss AVIO from the case.

Dated: New York, New York
       June 27, 2011

Respectfully submitted,

SCHIFF HARDIN LLP
666 Fifth Avenue, 17th Floor
New York, NY 10103
(212) 753-5000

By: _____
Thomas P. Battistoni (TB 8012)
Fabrizio Grasso (FG 2703)
Attorneys for Defendant AVIO S.p.A.

NY\50992673.2