USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE REPUBLIC OF IRAQ, including as
PARENS PATRIAE on behalf of the
CITIZENS of the REPUBLIC OF IRAQ,

                                        Plaintiff,

                    -against-

ABB AG, et al.,

                                        Defendants.

8 Civ. 5951 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

The Court will hold argument on the pending motion to dismiss on
October 26, 2012 at 2:30pm. Each party should be prepared to set forth the
reasons why it should prevail and should address at a minimum the
following points:

- What law should the Court use to determine whether or not to
  attribute to the Republic of Iraq actions taken by the Hussein
  Regime? What role do (1) the Restatement (Third) of the Foreign
  Relations Law of the United States § 207 and (2) the International
  Law Commission's Responsibility of States for Internationally
  Wrongful Acts, annexed to U.N. General Assembly Resolution
  56/83 (December 2001), play in the determination of that question?

- Does the political question doctrine prevent this Court from
  determining whether or not to attribute to the Republic of Iraq
  actions taken by the Hussein Regime?

- What significance does the legal relationship between the Hussein
  Regime and the Republic of Iraq have for the purposes of
  assessing the Republic of Iraq's Article III standing?

- The Court currently believes that under Second Circuit precedent
  the RICO statute, 18 U.S.C. § 1961 *et seq.*, does not apply
  extraterritorially. *See Norex Petroleum Ltd. v. Access Indus., Inc.*, 631
  F.3d 29 (2d Cir. 2010). In deciding whether the application of the

1

RICO statute to the allegations of the Complaint is extraterritorial, is it the location of the alleged enterprise or the location of the pattern of racketeering activity that is determinative?

- Does the Robinson-Patman Act, 15 U.S.C. § 13, apply extraterritorially within the meaning of *Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869 (2010)?

- What is the Republic of Iraq's alleged anti-trust injury?

- Does the federal common law or New York common law govern this Court's analysis of the Republic of Iraq's common law claims?

- Is *in pari delicto* a defense to civil RICO claims? Is it a defense to Robison-Patman Act claims?

- What body of law gives rise to the fiduciary duties the Complaint alleges were owed by the Hussein Regime to the Iraqi people? What effect, if any, does the act of state doctrine have on the Court's analysis of the aiding and abetting breach of fiduciary duty claim?

- What is the contract that underlies the Republic of Iraq's breach of contract claim?

Dated:  New York, New York
        October 12, 2012

SO ORDERED:

Sidney H. Stein, U.S.D.J.

2